IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAKESHI SASAKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| UNITED AIRLINES, INC. | ) | JURY DEMANDED |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, TAKESHI SASAKI, by and through his Attorneys, Wilshire Law Firm, PLC, complaining of Defendant, UNITED AIRLINES, INC., states as follows:

## PARTIES

1. Plaintiff, Takeshi Sasaki ("Plaintiff" or "SASAKI"), is a citizen of Japan who is seeking and receiving the care and treatment of medical providers in the United States located in the State of Illinois.

2. At all times relevant hereto, Defendant, UNITED AIRLINES, INC. ("Defendant" or "UNITED"), was an airline common carrier for hire.

3. At all times relevant hereto, UNITED, was a corporation incorporated in the State of Delaware and has its principal place of business in and is a resident of the State of Illinois, County of Cook.

4. On or about July 10, 2019, UNITED operated said business and offered flights, including international flights, out of airports throughout the United States, including O'Hare International Airport (ORD) in Chicago, Illinois and out of airports internationally, including Narita International Airport (NRT) in Narita-City, Chiba, Japan.

5. On or about July 10, 2019, Plaintiff, Takeshi Sasaki, was the bearer of a United Airlines issued round-trip ticket from Narita International Airport (NRT), in Chiba, Japan, to Guam International Airport (GUM), in Tamuning, Guam.

6. At all times relevant hereto, the contract of carriage which Takeshi Sasaki was flying listed his origin and ultimate destination as Narita-City, Chiba, Japan.

7. Prior to July 10, 2019, Plaintiff, Takeshi Sasaki, purchased the round-trip ticket from Narita International Airport (NRT), in Chiba, Japan, to Guam International Airport (GUM), in Tamuning, Guam, from the website of UNITED's codeshare[1] partner All Nippon Airways ("ANA").

8. At all times relevant herein, UNITED and ANA were in a joint venture and/or codeshare agreement.

9. UNITED's codeshare agreement with ANA allowed UNITED to profit by allowing ANA to market and sell seats on planes operated by UNITED, thus generating extra revenue for UNITED.

10. A screen shot from UNITED's website, touting the business venture with ANA, is pasted below.

---

[1] Codeshares are agreements between airlines that allow one airline to sell seats on another airline's plane. ["It is a business arrangement, common in the aviation industry, in which two or more airlines publish and market the same flight under their own airline designator and flight number (the "airline flight code") as part of their published timetable or schedule. Typically, a flight is operated by one airline (technically called an "administrating carrier") while seats are sold for the flight by all cooperating airlines using their own designator and flight number."] https://en.wikipedia.org/wiki/Codeshare_agreement (internal citations omitted).



11. According to ANA's website (screen shot below), customers are informed of the partner airline at the time of reservation, the partner airline operates the flight, and the customer must check in at the partner airline counter, which SASAKI complied, the partner airline being UNITED.



12. A copy of SASAKI's issued tickets, bearing UNITED's markings, are pictured below:



13. At all times relevant herein, UNITED provided services to destinations and terminals located in the United States and overseas, and had offices, locations, or terminals within the United States and overseas at numerous locations, including Chicago's O'Hare International Airport (ORD), Japan's Narita International Airport (NRT) and Guam's Guam International Airport (GUM).

14. At all times relevant hereto, UNITED operated services for the carriage of passengers by air, either on its' own aircraft or on another carrier's aircraft pursuant to a commercial agreement to and from locations around the world, through joint venture agreements or codeshare agreements.

## JURISDICTION AND VENUE

15. At all times alleged herein, The United States was a party to the international treaty for the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), having acceded on September 5, 2003, and taking effect on November 4, 2003.

16. At all times alleged herein, Japan was a party to the Montreal Convention, having acceded on June 20, 2000, and taking effect on April November 4, 2003.

17. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The claim of Plaintiff Takeshi Sasaki arises under an international treaty, the Montreal Convention or one of its predecessor conventions.

18. The Montreal Convention confers jurisdiction to the United States Courts for international aviation incidents like the instant matter. *See* Art. 33(1).

19. Article 33 of the Montreal Convention governs jurisdiction. Section 1 provides the following:

> An action for damages _must_ be brought, at the _option of the plaintiff_, in the territory of one of the States Parties, either _before the court of the domicile of the carrier or of its principal place of business_, or where it has a place of business through which the contract has been made or before the court at the place of destination. [emphasis added]. Article 33 (1).

20. Therefore, this court has jurisdiction because it is located in both the domicile and principal place of business of defendant UNITED.

21. The Montreal Convention confers jurisdiction upon the United States for aviation incidents where the airline operates services for carriage of passengers either on its own aircraft or on another carrier's aircraft pursuant to an agreement with other carriers in the United States. _See_ Art. 33(2) of the Montreal Convention.

22. UNITED correctly cites the Montreal Convention terms in Rule 28 of its Contract of Carriage, pictured below:

### Rule 28 Additional Liability Limitations

For the purposes of international carriage governed by the Montreal Convention, the liability rules set out in the Montreal Convention are fully incorporated by reference herein and shall supersede and prevail over any provisions of this tariff which may be inconsistent with those rules.

A. The Carrier shall be liable under Article 17 of the Warsaw Convention or Montreal Convention, whichever may apply, for recoverable compensatory damages sustained in the case of death or bodily injury of a passenger, as provided in the following paragraphs:
  1. The Carrier shall not be able to exclude or limit its liability for damages not exceeding 128,821 Special Drawing Rights for each passenger.
  2. The Carrier shall not be liable for damages to the extent that they exceed 128,821 Special Drawing Rights for each passenger if the Carrier proves that:
      a. such damage was not due to the negligence or other wrongful act or omission of the Carrier or its servants or agents; or
      b. such damage was solely due to the negligence or other wrongful act or omission of a third party.

23. At all times alleged herein, Defendant, UNITED, intentionally and purposely operated services of passengers by air in the United States, including in the State of Illinois and in this Judicial District as well as other cities in the United States and throughout the world, either by itself or through commercial agreements with other carriers.

24. At all times relevant hereto, UNITED conducted its business of carriage of passengers by air from premises leased or owned by UNITED itself or by another carrier with

which it has a commercial agreement, in the United States including in the State of Illinois and in this Judicial District as well as other cities in the United States.

25. Venue is proper based on 28 U.S.C. § 1391(b)(1) because at all times relevant hereto, UNITED, had its' principal place of business in Chicago, Illinois.

26. Venue is also properly based on Article 33 of the Montreal Convention because the principal place of business of UNITED is Chicago, Illinois.

## GENERAL ALLEGATIONS

27. On July 10, 2019, while SASAKI was a fare-paying passenger engaged in his international round-trip transportation, UNITED operated United Airlines Flight No. UA197, a Boeing 737-800 bearing registration number N79279, during the trip from Narita International Airport (NRT) to Guam International Airport (GUM). Said flight was part of the round-trip international contract of carriage on which Plaintiff was traveling on.

28. On July 10, 2019, while a fare-paying passenger on board United Airlines Flight No. UA197 from Narita International Airport (NRT) to Guam International Airport (GUM), Takeshi Sasaki sustained injuries to his person when a large, heavy drink cart operated by two flight attendants slammed into Plaintiff's left knee, causing serious and permanent physical injuries and causing severe and lasting mental and emotional injuries. Said flight was part of the round-trip international contract of carriage on which the Plaintiff was traveling on.

29. As a direct and proximate result of the conduct of Defendant, UNITED, Plaintiff, Takeshi Sasaki, sustained serious and permanent physical and mental injuries in addition to continuous pain and suffering.

30. As a direct and proximate result of the conduct of Defendant, UNITED, SASAKI sustained economic losses, including but not limited to past and future loss of earnings and earning capacity.

## COUNT I

## MONTREAL CONVENTION

31. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30, as if fully set forth herein.

32. On information and belief, at the time of his injury, Plaintiff Takeshi Sasaki was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17 and 33 and all other relevant provisions of the Montreal Convention.

33. At all times relevant hereto, UNITED was the carrier who was providing international carriage by air to SASAKI under the terms of the Montreal Convention.

34. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damages sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

35. The loss of control by the two flight attendants of the large, heavy drink cart that subsequently struck the Plaintiff in the knee was an "accident" within the meaning of Article 17(1) of the Montreal Convention.

36. As a direct and proximate result of the aforesaid accident, Plaintiff, Takeshi Sasaki, sustained injuries alleged herein.

37. UNITED is strictly liable for the injuries the Plaintiff sustained in the course of international carriage by air under the terms of the Montreal Convention.

38. UNITED may not limit its liability for the first 128,821 Special Drawing Rights for Plaintiff, Takeshi Sasaki. *See* Art. 21(1) of the Montreal Convention.

39. For liability in amounts exceeding 128,821 Special Drawing Rights, UNITED, has the burden to prove the injuries of SASAKI were not caused by its negligence or other wrongful act or omission. *See* Art. 21(2) of the Montreal Convention.

**WHEREFORE,** Plaintiff demands judgment against Defendant, UNITED, as follows:

**A.** All available damages for injuries and losses sustained by Plaintiff, Takeshi Sasaki;

**B.** Compensatory damages available for injuries and losses sustained by Plaintiff, Takeshi Sasaki;

**C.** Any and all economic and non-economic and compensatory damages available under the Montreal Convention;

**D.** Costs and disbursements;

**E.** That all issues of fact in this matter be determined by a jury; and

**F.** Any such other relief as the Court deems proper.

Dated: 7/9/2021

Respectfully submitted,

One of the Attorneys for Plaintiff
Takeshi Sasaki

A. Ilyas Akbari, Esq.
WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
E-Mail: ilyas@wilshirelawfirm.com
CA 228051
NDIL [228051]